# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

CHRISTINA M. PEACH,

        Plaintiff,

     v.                                   Civil Action No.
                                           5:12-CV-1850 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

───────────────────────────────

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP         KAREN SOUTHWICK, ESQ.
300 S. State Street           JILLIAN C. KARAS, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN   JEREMY A. LINDEN, ESQ.
United States Attorney        ALEXANDER CRISTAUDO, ESQ.
P.O. Box 7198              Special Assistant U.S. Attorneys
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]   Oral argument was conducted in connection with those motions on October 25, 2013, during a telephone conference at which a court reporter was present.   At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in her appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

---

[1]        This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003.   Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)   Defendant's motion for judgment on the pleadings is GRANTED.

2)   The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3)   The clerk is respectfully directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:   November 6, 2013
         Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
CHRISTINA M. PEACH,

                        Plaintiff,

vs.                              5:12-CV-1850

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-------------------------------------------x

        Transcript of a Telephone Conference Decision

on October 25, 2013, at the James Hanley Federal

Building, 100 South Clinton Street, Syracuse,

New York, the HONORABLE DAVID E. PEEBLES, United

States Magistrate Judge, Presiding.


                    A P P E A R A N C E S

                      (Via Telephone)

For Plaintiff:        OLINSKY LAW GROUP
                      Attorneys at Law
                      300 S. State Street
                      5th Floor, Suite 520
                      Syracuse, New York  13202
                        BY:  JILLIAN C. KARAS, ESQ.

For Defendant:        SOCIAL SECURITY ADMINISTRATION
                      Office of Regional General Counsel
                      Region II
                      26 Federal Plaza, Room 390
                      New York, New York  10278
                        BY:  ALEXANDER CRISTAUDO, ESQ.

1          (The following is an excerpt from the

2           telephone conference held on 10/25/13.)

3          THE COURT:  All right.  I'll have to let that

4    be the last word.  I'm prepared to give you my decision.

5          I have before me a plaintiff who filed a, an

6    application with the Social Security Administration for

7    Supplemental Security Income benefits or SSI on March 18,

8    2010, alleging an onset date of February 16, 2009.  A hearing

9    was conducted after an initial denial by the agency of that

10   application on March 31, 2011 by Administrative Law Judge

11   Marie Greener.

12          On June 8, 2011, ALJ Greener issued a decision

13   finding that the plaintiff was not disabled at the relevant

14   times and therefore is not eligible for SSI benefits.  The

15   Social Security Administration appeals counsel denied review

16   of that determination on October 16, 2012, making the ALJ's

17   decision a final determination of the agency.

18          On -- this case was thereafter commenced

19   seeking review under 42 United States Code Section 405(g).

20          In terms of background, the plaintiff was born

21   in May of 1978 and was 32 years old at the time of the

22   hearing.  She lives with her mother and has no children.  She

23   has a GED degree but no college education.  She has

24   previously worked in several positions, last worked in or

25   about March of 2009 as a materials handler, a job from which

1   she was fired for sleeping.  The plaintiff suffers from

2   mental health impairments, she has treated for approximately

3   eight years with Nurse Practitioner Andrew Catalone of the

4   Oswego Hospital Behavior Services Division and also on

5   occasion with Dr. Vilas Patil, although there's no record

6   evidence showing any visits to Dr. Vilas Patil, there is one

7   from Dr. Shuresh -- Suresh Patil.  She has been diagnosed

8   principally with anxiety disorder not otherwise specified and

9   depressive disorder not otherwise specified although at

10  various times she has also been diagnosed as having

11  post-traumatic stress disorder, mood disorder, and impulse

12  control disorder.  She's currently on a medication regimen

13  including Klonopin, K-l-o-n-o-p-i-n, Prozac, and Geodon.  She

14  also, according to the administrative transcript, from time

15  to time receives health care from the Mexico Health Center

16  although that appears to be primarily for physical concerns.

17          The administrative law judge decision applied

18  the well-known five-step test for determining disability,

19  found that the plaintiff had not engaged in substantial

20  gainful activity at any relevant time.  She suffers from two

21  severe disorders at step two, severe impairments including

22  depressive disorder and anxiety disorder.  Excuse me.  At

23  step three she concluded that the plaintiff's conditions do

24  not meet or medically equal any of the listed presumptively

25  disabling impairments.  She then surveyed the medical

1  evidence and determined that the plaintiff retains the

2  residual functional capacity or RFC to perform a full range

3  of work at all exertional levels but with the following

4  nonexertional limitations:  Can perform work that is

5  unskilled and low stress, meaning routine daily tasks and

6  duties that are not fast paced and do not significantly

7  change in pace or location on a daily basis, with only

8  occasional contact with the public.

9          In arriving at that RFC determination, the ALJ

10  rejected the disabling complaints of the plaintiff, concluded

11  that she does suffer from a condition that could be

12  reasonably expected to produce the symptoms complained of but

13  that her testimony was not credible.  She also rejected

14  the -- and gave no weight to the medical source statement of

15  Nurse Practitioner Catalone, and properly explained that

16  fact.  She gave great weight to the consultative findings of

17  Dr. Barry and the agency consultants.  She -- she concluded

18  that the plaintiff is unable to perform her past relevant

19  work which she concluded was "fast paced".

20          Applying the grids, pursuant to Social

21  Security Ruling 83-11 and 83-15, she concluded that the

22  nonexertional limitations would have little or no effect on

23  the occupational base on which the grids are predicated, and

24  that the grids specified a finding of no disability.

25          First addressing the failure to provide

controlling weight or at least substantial weight or great
weight as the plaintiff's counsel indicated to Nurse
Practitioner Catalone's medical source statement, as I
indicated previously, that medical source statement contains
extremely limiting opinions.  It is clearly not from an
acceptable medical source.  It is grossly at odds with Nurse
Practitioner Catalone's notes including the plaintiff's
reports of symptoms to Nurse Practitioner Catalone.  She met
monthly with Nurse Practitioner Catalone.  In many instances
she denied having any psychiatric complaints or concerns,
that is included in January 18, 2011, which is at 238, and
there are several other references to that.  There is
reference in Nurse Practitioner Catalone's notes that the
symptomology expressed by the plaintiff is being controlled
by her medications.

It is true that there is some indication of
modest anger issues, including on October 26, 2010 at page
242, September 11, 2010, at 243, and July 14, 2010, at 245,
although on that occasion she went back on trileptal to
control her anger and indicated that that had helped in the
past.

There was also some indication of "occasional
anger" on May 17, 2010, that's page 183, and some anger at
1 -- page 185, that's from February 17, 2010.  Twice the
plaintiff was assessed a GAF score of 65, on October 6, 2010,

1  that's page 247, and March 17, 2010, that's page 182.  A GAF

2  of 65 indicates the presence of some mild symptoms or some

3  difficulty in social, occupational, or school functioning

4  (e.g. occasional truancy or theft within the household) but

5  generally functioning pretty well.  Has some meaningful

6  interpersonal relationships.  The rejection of Nurse

7  Practitioner Catalone's report is also supported by this, the

8  report of Dr. Kristen Barry and Dr. -- nonexamining

9  consultant Dr. M. A-p-a-c-i-b-l-e, still can't pronounce

10  that.

11          So when we look at how the administrative law

12  judge is required to consider the opinions of Nurse

13  Practitioner Catalone, I apply Social Security Ruling 06-03P,

14  and it specifies factors which include, among other things,

15  how consistent the opinion is with other evidence.  I think

16  that Judge -- Administrative Law Judge Greener properly

17  explained her rejection of that opinion, that medical source

18  statement and it is supported by substantial evidence, the

19  rejection.

20          In terms of credibility, I also think that the

21  ALJ properly weighed plaintiff's credibility.  She looked to,

22  again, the medical evidence, she looked at reports of her

23  daily activities, both in terms of the disability report, the

24  hearing testimony, and her reports to Nurse Practitioner

25  Catalone concerning her daily activities.  I note when it

1    comes to credibility, during the hearing, she claimed that

2    she suffers from side effects of her medication, that's at

3    page 47, and yet on at least four occasions she denied to

4    nurse practitioner experiencing any side effects, that's at

5    pages 236, 238, 244, and 245.

6              So I conclude that the ALJ properly rejected

7    plaintiff's complaints of disabling symptomology, and well

8    explained in her rejection which is supported by substantial

9    evidence.

10              Turning to the grids, and acknowledging that

11   we have a proper RFC determination, I have looked at *Bapp v.*

12   *Bowen*, and SSR85-13 and SSR85-15, and since we are dealing

13   with unskilled work, I do not find that the RFC determination

14   so erodes the job base on which the vocational -- the grids

15   are predicated as to require the testimony of a vocational

16   expert, so I find that the ALJ properly relied on the grids

17   as a framework and found that she is not disabled and was not

18   at any relevant time.

19              Accordingly, I grant judgment on the pleadings

20   to the Commissioner and will dismiss plaintiff's complaint.

21   I appreciate very much excellent briefing and the oral

22   argument was excellent, you both have a complete mastery of

23   the record, and of the arguments for and against reversing

24   the Commissioner's determination, and the court appreciates

25   that.  Hope you have a good weekend.

1          MR. CRISTAUDO:  Thank you, your Honor.

2          MS. KARAS:  Thank you, you too, your Honor.

3          THE COURT:  Goodbye.

4          (Proceedings Adjourned.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                C E R T I F I C A T I O N

2

3

4            I, JODI L. HIBBARD, RPR, CRR, CSR,

5    Official Court Reporter in and for the United States

6    District Court, Northern District of New York, DO

7    HEREBY CERTIFY that I attended the foregoing

8    proceedings, took stenographic notes of the same,

9    and that the foregoing is a true and correct

10   transcript thereof.

11

12

13

14

15

16

17

18                      _____

19                      JODI L. HIBBARD, RPR, CRR, CSR
                        Official U.S. Court Reporter
20

21

22

23

24

25